UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALIK SHAKUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-251-R |
| ) | |
| DEPARTMENT OF THE AIR FORCE, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

After Plaintiff was terminated from his position as a sheet metal mechanic with the U.S. Department of the Air Force, he filed an appeal to the Merit Systems Protection Board. The MSPB dismissed his petition for lack of jurisdiction and Plaintiff sought review in the United States Court of Appeals for the Federal Circuit. The Federal Circuit determined that Plaintiff's action was a "mixed" case that asserted both discrimination and nondiscrimination claims and transferred the action to this Court. *See Perry v. Merit Sys. Prot. Bd.,* 582 U.S. 420, 437 (2017) (holding that "in mixed cases,…in which the employee (or former employee) complains of serious adverse action prompted, in whole or in part, by the employing agency's violation of federal antidiscrimination laws, the district court is the proper forum for judicial review").

This Court then directed Plaintiff to file an amended complaint reasserting all his claims, both discriminatory and nondiscriminatory, in a manner that complies with Fed. R.

Civ. P. 8(a). Plaintiff,[1] who is proceeding pro se, filed an Amended Complaint naming the Department of the Air Force and the Merit Systems Protection Board as defendants. The Amended Complaint is not a model of clarity and is largely devoted to complaining about the Federal Circuit's transfer decision.[2] Liberally construed, Plaintiff appears to be alleging that his removal and termination were based on racial discrimination in violation of Title VII of the Civil Rights Act of 1964.

Defendants filed a Motion to Dismiss [Doc. No. 6] seeking dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and (6). Plaintiff filed a response in opposition [Doc. No. 7], although his brief does not present any coherent, substantive objection to the arguments raised by Defendants.

Defendants move for dismissal on three grounds. First, Defendants argue that Plaintiff has failed to state any plausible claims. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. All well-pleaded

---

[1] Plaintiff is subject to filing restrictions as set forth in *Shakur v. Lewis*, CIV-21-1151-J (W.D. Okla. Feb. 4, 2022) [Doc. No. 5]. However, the subject matter of this case does not appear to fall within the scope of that order.

[2] Contrary to Plaintiff's belief, the Federal Circuit's transfer was not "invalid" and this Court is the proper forum for Plaintiff's "mixed case." *See Perry,* 582 U.S. at 437.

factual allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Additionally, although a pro se litigant's "pleadings are to be construed liberally," this broad reading "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

Plaintiff's Amended Complaint falls short of this standard. To succeed on Title VII claim, "a plaintiff must prove that intent to discriminate based upon the plaintiff's protected class characteristics was the determining factor for the allegedly illegal employment decision." *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1213 (10th Cir. 2022) (internal quotation marks and brackets omitted). He alleges that he was "a black male probationary employee wrongfully terminated based on unauthorize 'usage of a cell phone' that [DAF] and MSPB know is lie" and that "the allegation has gone left unsupported by substantial evidence." *See* Am. Compl. at 2. The remaining allegations are largely conclusory or irrelevant. The Amended Complaint does not include sufficient factual content to raise a plausible inference that Plaintiff's termination was based on his race. The Amended Complaint also fails to include a coherent statement identifying any issues with the MSPB's underlying order. *See Anderson v. United States Postal Serv.,* No. LA 23-CV-09399-MWC (JPRX), 2025 WL 575353, at *5 (C.D. Cal. Feb. 18, 2025) (dismissing mixed case for failure to state a claim because the plaintiff "faile[ed] to provide sufficient facts demonstrating that Defendant's decision" was arbitrary and capricious). Plaintiff's Amended Complaint does not set forth any plausible claims and is therefore dismissed for failure to state a claim.

Second, Defendants argue that Plaintiff has not properly served the Department of the Air Force. The requirements for serving the United States and its agencies are set forth in Fed. R. Civ. P. 4(i). This provision requires the plaintiff to send a copy of the summons and complaint to both the agency and the United States. Service on the United States is accomplished by serving both the Attorney General of the United States and the United States Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i). Defendants state that neither the United States Department of the Air Force nor the United States Attorney's Office for the Western District of Oklahoma has a record of being served. The case record does not include a return of service showing that service was perfected or even attempted. Accordingly, Plaintiff's claims are also subject to dismissal for failure to effect service of process.

Last, Defendants argue that the Department of the Air Force and the Merit Systems Protection Board are not the proper defendants. Defendants contend that a mixed case must be brought pursuant to the statutory scheme governing Title VII claims which, in turn, requires claims to be brought against the head of the department or agency. *See* 5 U.S.C. § 7703(b)(2); *Stevenson v. Dep't of Veterans Affs.*, No. CIV-24-84-J, 2025 WL 1689615, at *2 (W.D. Okla. Jan. 29, 2025) (internal quotation marks omitted); *Stone v. Merit Sys. Prot. Bd. Dallas Reg'l Off. Washington, D.C.*, 875 F.2d 867 (6th Cir. 1989). The Court believes that the identity of the proper defendant in a mixed case is more nuanced than Defendants suggest. *See Turner v. Merit Sys. Prot. Bd.*, No. 20-2613-SHL-TMP, 2021 WL 3852743, (W.D. Tenn. July 29, 2021), report and recommendation adopted, No. 20-CV-2613-SHL-TMP, 2021 WL 3854841 (W.D. Tenn. Aug. 27, 2021) (noting that "[t]he language of §

4

7703 is somewhat unclear regarding the proper defendant in mixed case appeal" and providing extensive analysis of statutory scheme); *Tesh v. U.S. Postal Serv.*, 215 F. Supp. 2d 1220, 1229 (N.D. Okla. 2002) (permitting mixed claim to proceed against agency). Additionally, prior to transfer of this case, the Federal Circuit granted the Department of the Air Force's motion to recaption the case to designate the MSPB as the proper respondent. In any event, the Court need not reach this argument because Plaintiff has failed to state any plausible claims against any of the potential defendants.

As set out above, Defendants' Motion to Dismiss [Doc. No. 6] is GRANTED and this action is dismissed for failure to state a claim and failure to effect service of process.

IT IS SO ORDERED this 30th day of June, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE