UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MALIK SHAKUR,         ) | |
|                     Plaintiff,  ) | |
| v.                                             ) | Case No. CIV-25-251-R |
| DEPARTMENT OF THE AIR FORCE, ) et al.,                                       ) | |
|                     Defendant.  ) | |

### ORDER

Plaintiff, proceeding pro se, has filed a document titled "Independent Action to Re-open and Set Aside Judgment Under 'Extraordinary Circumstances' for Fraud on the Court" [Doc. No. 10]. Plaintiff's motion invokes Rule 60(d)(3) and seeks relief from the Court's order and judgment dismissing this action for failure to state a claim and failure to serve.

Federal Rule of Civil Procedure 60(d)(3) "reserves to the district court the power to set aside a judgment for fraud on the court.'" *Day v. Devries*, No. 22-3107, 2023 WL 4363894, at *2 (10th Cir. July 6, 2023) (unpublished) (quoting Fed. R. Civ. P. 60(d)(3)).[1]

---

[1] "A fraud-on-the-court claim may be brought either as an independent action preserved by the savings clause in Rule 60(d)(3), or as a claim under Rule 60(b)(3), which provides for relief from judgment based on fraud, misrepresentation, or misconduct by an opposing party." *United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (quotation and ellipses omitted). Although Plaintiff describes his motion as an "independent action" to set aside judgment, Rule 60(b)(3) might be the better match given that he has filed the motion in this action and is asking the Court to set aside its own judgment. But regardless of which provision of Rule 60 he is proceeding under, "the same demanding standard of proof for establishing a fraud on the court" applies. *Id*.

Fraud on the court claims concern "fraud which is directed to the judicial machinery itself" and are exceedingly difficult to prove. *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (quotation omitted). "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 552–53 (10th Cir. 1996). Fraud on the court must be shown "by clear and convincing evidence" and "all doubts must be resolved in favor of the finality of the judgment." *Id.* at 552.

Plaintiff's motion contends that the Court's prior order "blocked" and "unilaterally str[uck] down" Executive Order 14284 which, among other things, made changes to the Merit Systems Protection Board's jurisdiction to adjudicate a terminated probationary employee's appeal. The Court's order dismissing this action was primarily based on Plaintiff's failure to state a plausible claim for discrimination and had no bearing on Executive Order 14284. Plaintiff's assertions do not appear to even be properly characterized as fraud on the court and, in any event, fall short of the standard required to show fraud or to otherwise warrant granting relief from the judgment.

Accordingly, Plaintiff's motion is denied.

IT IS SO ORDERED this 1st day of December, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE